UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSANDRA COLE                                              CIVIL ACTION

VERSUS                                                      NO. 14-2396-CJB-SS

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

## REPORT AND RECOMMENDATION

On January 26, 2015, defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6).  It is recommended that the motion be granted.

## BACKGROUND

On November 2, 2009, Cassandra Chambliss Cole ("Cassandra Cole") submitted an application for Supplemental Security Income ("SSI").  She reported that:  (1) she was born in 1962; (2) the last four digits of her Social Security number were 9625; (3) she became disabled on February 7, 2008; (4) she was married; (5) she received SSI for her son, Joshua Chambliss; and (6) her address was 4123 Loire Drive, Apartment A, Kenner, Louisiana 70065.  Rec. doc. 12 (Declaration - Exhibit 1).[1]  On March 11, 2010, she was notified at 4123 Loire Dive that her claim for SSI was denied.  The condition was sensory motor neuropathy.  Id.  On March 31, 2010, she requested a hearing.  Declaration - Exhibit 2.  On September 15, 2010, the Administrative Law Judge ("ALJ") issued a fully favorable decision.  The notice of the decision was sent to 4123 Loire Dive.  Declaration - Exhibit 3.  There is no indication that Cassandra Cole was represented by counsel in these proceedings.

---

[1] In support of the motion to dismiss, the Commissioner provided a January 14, 2015 Declaration of Roxie Rasey Nicoll with three exhibits.  Rec. doc. 12 (Attachment).

On October 20, 2014, Cassandra Cole filed a complaint on a one page form provided by the Clerk.  She used the same last Social Security four digits (9625) that were shown in the November 2, 2009 application.  She complained of a final decision bearing a caption in the case of Cassandra Cole.  The address provided is 84 Avant Garde Circle, Kenner, Louisiana 70065.  Rec. doc. 1.  The complaint was filed in proper person.  A copy of the order granting her leave to proceed in forma pauperis was sent to 84 Avant Garde Circle.  Rec. doc. 3.  There was no notice from the Postal Service returning the mail as undeliverable.  On January 6, 2015, the order granting Commissioner an extension of time to plead was sent Cassandra Cole at 84 Avant Garde Circle.  Rec. doc. 9.  There was no notice from the Postal Service returning the mail as undeliverable.

On January 21, 2015, a scheduling order was issued.  Rec. doc. 10.  A copy was sent to Cassandra Cole at 84 Avant Garde Circle.  On February 3, 2015, it was returned as undeliverable.  Rec. doc. 15.

Prior the February 3 notice, the Commissioner filed the motion to dismiss.  Rec. doc. 12.  It was set for submission without oral argument on February 18, 2015.  Cassandra Cole's deadline to respond was February 10, 2015.  No opposition was received by February 10, 2015.  The Postal Service has not yet reported that the order was undeliverable.

## ANALYSIS

The Commissioner contends that Cassandra Cole has not filed a timely complaint from the fully favorable September 15, 2010 decision.  Because her complaint was filed more than four years after that decision and long after the sixty day deadline for review of the September 15, 2010 decision, Commissioner contends that it should be dismissed.

The Commissioner's motion is unopposed. Assuming that Cassandra Cole did not receive notice of the Commissioner's motion or the order setting February 10, 2015 as the deadline for her opposition, she is not relieved of the need to oppose the motion. Pursuant to Local Rule 11.1, a "pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Cassandra Cole has not notified the court of an address change. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

In addition to being unopposed, Commissioner's motion has merit.

### RECOMMENDATION

IT IS RECOMMENDED that Commissioner's motion to dismiss (Rec. doc. 12) be GRANTED and Cassandra Cole's complaint be dismissed with prejudice.

### OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 24th day of February, 2015.

_____
SALLY SHUSHAN
U.S. Magistrate Judge